RICHARD K. GROSBOLL, Bar No. 99729
SONYA M. GORDON, Bar No. 232600
NEYHART, ANDERSON, FLYNN & GROSBOLL
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: rgrosboll@neyhartlaw.com
         sgordon@neyhartlaw.com

Attorneys for Plaintiff

**E-Filed 1/26/2010**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| SACRAMENTO AREA ELECTRICAL WORKERS TRUST FUNDS,<br><br>        Plaintiff,<br><br>    vs.<br><br>ACS CONTROLS CORPORATION, an entity,<br><br>        Defendant. | Case No.  09-CV-3783-JF<br><br>**CASE MANAGEMENT STATEMENT AND [proposed] CASE MANAGEMENT ORDER**<br><br>[F.R.C.P. Rule 55(a)]<br><br>Date:       January 22, 2010<br>Time:       10:30 a.m.<br>Location:  280 South 1st Street<br>                San Jose, CA 95113<br>Courtroom: Courtroom 3, 5th Floor<br>Judge:      Hon. Jeremy Fogel |

CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule and Local Rule 16-9, the Plaintiff submits this Case Management Statement and request that the Court adopt it as the Case Management Order in this case.

Plaintiff properly served Defendant with timely notice of the action on August 24, 2009. Although the Defendant has not appeared in this case, Plaintiff asks the Court to grant a 90-day continuance of the Case Management Conference to allow settlement discussions to continue and expect that a settlement and/or stipulated judgment will be forthcoming.

1. <u>Jurisdiction and Service</u>:  This is an ERISA collection action, and as such, this Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145.  Defendant was served on August 28, 2009.

2. <u>Facts</u>:  This case concerns the underpayment and nonpayment of mandatory fringe benefit contributions by Defendant ACS CONTROLS CORPORATION.  Plaintiff SACRAMENTO AREA ELECTRICAL WORKERS TRUST FUNDS (hereafter "Trust Funds" or "Plaintiff") are multi-employer employee benefit plans.  Employers make contributions to the Trusts pursuant to the requirements of the collective bargaining agreement between the International Brotherhood of Electrical Workers' Union Local 340 and participating employers. Plaintiff alleges that Defendant failed to pay contributions to the Trusts, as required by the collective bargaining agreement.  Plaintiff brings suit to recover the unpaid and/or underpaid contributions, as well as liquidated damages, interest, and attorney's fees, as provided in ERISA.

3. <u>Legal Issues</u>: The principal legal issues which Plaintiff dispute is contributions owed to the Trusts pursuant to the requirements of the collective bargaining agreement and ERISA.

4. <u>Motions</u>: Plaintiff does not anticipate filing any motions at this time.  Plaintiff expects this case to be resolved through a settlement agreement and/or stipulated judgment.

5. <u>Amendment of Pleadings</u>: Plaintiff does not anticipate filing an amended Complaint.

6. <u>Evidence Preservation</u>: Plaintiff has not discussed any necessary steps to preserve evidence in this case but does not anticipate evidence preservation issues.

7. <u>Disclosures</u>:  as Defendant has failed to appear, no initial disclosures are necessary.

8. <u>Discovery</u>: Plaintiff does not anticipate any discovery due to Defendant's non-appearance.

9. <u>Class Actions</u>: This case is not a class action.

10. <u>Related Cases</u>: Plaintiff is not aware of any related cases or proceedings.

11. <u>Relief</u>: Plaintiff seeks money damages for unpaid and underpaid fringe benefit contributions owed pursuant to a collective bargaining agreement, in addition to prejudgment interest, liquidated damages and an award of attorney's fees.  To date, the Defendant has made two payments to the Trust Funds totaling $3,500.  Plaintiff currently estimates that Defendant owes at least $10,791.79 in outstanding unpaid fringe benefit contributions, liquidated damages, interest, costs, and attorneys' fees.

12. <u>Settlement and ADR</u>:  Plaintiff and Defendant have had some informal discussions regarding a monthly payment plan, and Defendant made a good faith payment to the Trust Funds on December 15, 2009 based on these discussions.  Plaintiff believes that the ADR process will not be required as they expect the case will be resolved by settlement and/or stipulated judgment.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff does not consent to a magistrate judge to conduct further proceedings.

14. <u>Other References</u>: Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master or multi-district litigation.

15. <u>Narrowing of Issues</u>: Plaintiff is unaware of any possible narrowing of issues.

16. <u>Expedited Schedule</u>:  Plaintiff does not believe there is a need for this case to proceed on an expedited basis.  Plaintiff expects the case will be resolved with a settlement and/or stipulated judgment.

17. <u>Scheduling</u>: Because settlement discussions are pending, Plaintiff believes setting pre-trial dates is premature.  Further, as Plaintiff believes the case will be resolved via stipulated settlement, Plaintiff believes there is no need for a pre-trial schedule.

18. <u>Trial</u>:  Plaintiff has not requested trial by jury.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff has simultaneously with this statement, filed a certification stating that other than the named parties, Plaintiff is not aware of any other interested entities or persons.

20. Plaintiff believes that the above statement adequately addresses all crucial issues in order that this action may be resolved.

Dated: January 15, 2010                          Respectfully submitted,

                                                 NEYHART, ANDERSON, FLYNN &
                                                 GROSBOLL

                                                 By:    /s/ Sonya M. Gordon
                                                     Sonya M. Gordon
                                                   Attorneys for Plaintiff

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL

-4-

CASE MANAGEMENT STATEMENT
Case No. C-09-3783-JF

[proposed] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and Plaintiff are ordered to comply with this Order. In addition, the Court orders a 90-day continuance of the Case Management Conference, to \_\_April 16\_\_\_, 2010.

Dated: 1/26/2010

_____
United States District Judge

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL

-5-

CASE MANAGEMENT STATEMENT
Case No. C-09-3783-JF

PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104. On January 15, 2010, I served the within:

**CASE MANAGEMENT STATEMENT AND [proposed] CASE MANAGEMENT ORDER**

on Plaintiff in said cause following our business practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I placed a true copy of the within document enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and deposit on the date shown below in the United States mail at San Francisco, California addressed as follows:

ACS CONTROLS CORPORATION
4704 Roseville Road Suite #101
North Highlands, CA 95660

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 15, 2010, at San Francisco, California.

/s/ Sonya M. Gordon
Sonya M. Gordon